UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARD NATALE,

                             **Plaintiff,**                17-CV-934S(Sr)

v.

**ARIZONA PREMIUM FINANCE CO., INC.,**

                             **Defendant.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #3.

## FACTS

Plaintiff commenced this action pursuant to the Telephone Consumer Protection Act of 1991 ("TCPA"), alleging that beginning in November of 2016, defendant called plaintiff on his cellular telephone multiple times per week and often multiple times a day using an automatic telephone dialing system and/or artificial and/or pre-recorded voice, in an attempt to collect a debt associated with the cancellation of his automobile insurance and continued to call despite plaintiff requesting that defendant cease and desist from any further calls to his cellular telephone. Dkt. #1.

Currently before the Court is plaintiff's motion to compel the defendant to provide responses to his discovery demands, award plaintiff attorney's fees for the cost of filing this motion and extend the Case Management Order. Dkt. #16. In support of his

motion, plaintiff attaches his First Set of Interrogatories and Request for Production of Documents which were served on August 20, 2018. Dkt. #16-2.

By email dated October 1, 2018, plaintiff requested a Rule 37 conference to discuss defendant's outstanding discovery demands. Dkt. #16-3. Defense counsel failed to respond to this request. Dkt. #16-1, ¶ 8.

By email dated October 4, 2018, plaintiff's counsel advised that he would call to discuss the outstanding discovery demands on October 9, 2018 at 3:00 pm. Dkt. #16-4. Defense counsel did not make himself available for that call. Dkt. #16-1, ¶ 10.

By email dated October 15, 2018, plaintiff's counsel advised defendant's counsel that a motion to compel would be filed if plaintiff's discovery demands remained outstanding. Dkt. #16-5. Defense counsel responded that discovery responses would be served by the end of the week. Dkt. #16-6.

On November 8, 2018, plaintiff's counsel sent defense counsel an email advising that a motion to compel would be filed unless outstanding discovery responses were received by November 16, 2018. Dkt. #16-8.

The motion to compel was filed on November 26, 2018. Dkt. #16.

Defendant responds that the motion to compel is moot because defendant served responses on December 15, 2018. Dkt. #18, ¶ 2.

Plaintiff replies that defendant's failure to respond to his discovery demands before the filing of the motion to compel warrants an award of attorney's fees as set forth in Rule 37(a) of the Federal Rules of Civil Procedure. Dkt. #19, ¶¶ 9-12. In addition, plaintiff argues that defendant has provided deficient responses and requests that the Court compel defendant to produce documents in response to paragraph 3 of Plaintiff's Request for Production of Documents and to respond to Plaintiff's Interrogatory No. 13. Dkt. #19, ¶¶ 14 & 16.

> Paragraph 3 of Plaintiff's Request for Production of Documents seeks:
>
> Any and all documents, recordings, emails, or otherwise that relate to the tracking [of] Defendant's efforts related in any way to its initiation and dialing of telephone calls to Plaintiff's cellular telephone that is the subject of this lawsuit, from January 1, 2016 to the present, including but not limited to:
>
> a. Inbound or outbound telephone calls to or from Plaintiff's cellular telephone 716-335-3641 or any other party in connection with Defendant's telephone calls to the Plaintiff's cellular telephone 716-335-3641, including any records from any business [that] makes calls on behalf or at the request of Defendant.
>
> b. All telephone records including both internal records and records from Defendant's phone carrier showing all calls attempted/made to Plaintiff's cellular telephone by Defendant or Defendant's representatives.

Dkt. #16-2, ¶ 3. Defendant objected to this request "on the grounds that it does not clearly set forth what is sought." Dkt. #19-1, ¶ 3. Plaintiff argues that the demand clearly seeks production of call logs and records of calls to and from the defendant and the plaintiff's cellular telephone number. Dkt. #19, ¶ 16. The Court agrees that plaintiff's

request is sufficiently clear as to warrant a substantive response. Accordingly, defendant is ordered to produce the documents requested no later than **April 19, 2019.**

Interrogatory No. 13 seeks

identification of each and every telephone call, page, facsimile transmission and/or any other electronic communication made in an attempt to contact the Plaintiff on his cellular telephone, and with respect to each call state the following:

a. The name of the individual initiating contact.

b. The date, time and duration of said contact.

c. The method (*e.g.* email, telephone call, etc.).

d. The telephone numbers such communication originated from and the telephone number called.

e. Whether the telephone call was answered, and if so, whether the telephone call was answered by a person, answering machine and/or voice mail service.

f. The substance of the contact. Do not refer to collection notes but instead give a detailed analysis of conversations.

g. Any witnesses to or participants in the contact.

h. Whether such contact was initiated by an automated dialer.

i. Whether a voice recorded voice or message was transmitted to any person who answered the call and/or left on the answering machine and/or voice messaging service for the telephone number called. If such a message was transmitted or left, state the exact words stated, transmitted, or left.

j. Whether the caller or called party hung up the telephone.

> k. Identify any documents that contain a record of any of the information described in 15a-15j [sic].

Dkt. #19-1, No. 13. Defendant responded: "None." Dkt. #19-1, No. 13. Plaintiff argues that this response is false as defendant admitted to placing calls to plaintiff's cellular telephone ending in 3641 in its response to Plaintiff's Request for Admission. Dkt. #19, ¶ 16 & Dkt. #19-2. As defendant has admitted that it placed calls to plaintiff's cellular telephone, defendant shall respond to this interrogatory no later than **April 19, 2019.**

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> If the motion [to compel disclosure or discovery] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both of them to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But, the court must not order this payment if:
>
> (I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

As defendant has failed to proffer any substantial justification for its failure to respond to plaintiff's discovery demands before plaintiff filed his motion to compel and the record does not suggest any circumstances which would make it unjust to compensate plaintiff for the costs of having to file this motion to compel, the Court directs defendant to pay

to plaintiff the reasonable costs and attorney's fees of this motion to compel, which the Court estimates to be $800, no later than **April 19, 2019,** unless defendant objects to this estimation, in which case plaintiff's counsel shall submit an affidavit setting forth the actual cost of preparing the motion to compel and reply to the motion to compel for the Court's calculation of actual expenses no later than **May 3, 2019.**

Depositions, and related discovery, shall be completed by **June 21, 2019.**

Dispositive motions shall be filed by **July 26, 2019.**

If dispositive motions are not filed, a Status Conference is set for **August 8, 2019** at **10:00 am.**

        **SO ORDERED.**

**DATED:**    **Buffalo, New York**
             **April 3, 2019**

                              <u>s/ H. Kenneth Schroeder, Jr.</u>
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**